Ervin CELOALIAJ, Petitioner—Appellant,

v.

D.L. RUNNELS, Warden, Respondent—Appellee.

No. 05–55585.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2006.*

Decided Sept. 18, 2006.

Sung Bae Park, Esq., Van Nuys, CA, for Petitioner–Appellant.

Alana Cohen Butler, Esq., Kevin R. Vienna, Esq., Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: HALL, MCKEOWN, and WARDLAW, Circuit Judges.

MEMORANDUM **

Ervin Celoaliaj brings this habeas appeal pursuant to 28 U.S.C. § 2254, claiming that the district court erred in denying his claims of juror misconduct and suppression of evidence under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We affirm the district court's denial of the habeas petition.

The state trial court held an evidentiary hearing and canvassed the jurors regard-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ing the juror misconduct claims. After considering all the evidence, the state court found that there was no outside influence on the jury. This determination by the trial court was not unreasonable under § 2254. *See Smith v. Phillips*, 455 U.S. 209, 218, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982) ("[T]his case is a federal habeas action in which [state court] findings are presumptively correct under 28 U.S.C. § 2254(d).... [F]ederal courts in such proceedings must not disturb the findings of state courts unless the federal habeas court articulates some basis for disarming such findings of the statutory presumption that they are correct and may be overcome only by convincing evidence.").

Also, in the circumstances of this case, the trial court's efforts in investigating the claims of juror bias met the constitutional standard of due process: "It seems to us to follow 'as the night the day' that if in the federal system a post-trial hearing such as that conducted here is sufficient to decide allegations of juror partiality, the Due Process Clause of the Fourteenth Amendment cannot possibly require more of a state court system." *Id.* at 213 & 218, 102 S.Ct. 940 (due process was satisfied by a state court hearing where one juror and the prosecuting attorneys testified regarding an employment application submitted by the juror to the district attorney).

Finally, as to the *Brady* claim, the district court's finding that the alleged *Brady* material was turned over to the defense was not clearly erroneous. *See* Fed. Rule Civ. Proc. 52(a); *Bonin v. Calderon*, 59 F.3d 815, 823 (9th Cir.1995) ("findings of fact made by the district court relevant to the denial of his habeas corpus petitions are reviewed for clear error"). This finding, made after an evidentiary hearing, is corroborated by the trial record, where a defense attorney appears to acknowledge receipt of the *Brady* material. Accordingly, the district court properly denied the *Brady* claim, as nothing was suppressed. *Brady*, 373 U.S. at 87, 83 S.Ct. 1194 (prohibiting "suppression by the prosecution of evidence favorable to the accused").

**AFFIRMED.**